**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| LUIS MUNIZ, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | C.A. NO. C-07-76 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING IN PART MEMORANDUM AND RECOMMENDATION TO GRANT
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

On May 23, 2007, United States Magistrate Judge Brian L. Owsley signed a Memorandum and Recommendation recommending that Respondent's "Motion for Summary Judgment" (D.E. 8) be granted, and that Petitioner's "Petition for Writ of Habeas Corpus" (D.E. 1) be dismissed with prejudice. (See D.E. 10.) The Memorandum and Recommendation further recommended that Petitioner be denied a certificate of appealability. On June 7, 2007, Petitioner filed objections to the Magistrate's recommendations. (D.E. 11.)

Having reviewed the findings of fact and conclusions of law therein, as well as the pleadings on file and Petitioner's objections, and having made a *de novo* disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, see Koetting v. Thompson, 995 F.2d 37 (5th Cir. 1993); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b), the Court hereby adopts as its own the findings and conclusions of the

Magistrate Judge, *except for* the findings and conclusions regarding the timeliness of Petitioner's federal habeas petition.

With respect to the issue of timeliness, the Court makes the following *de novo* determination.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for state prisoners to challenge a conviction by the filing of a federal petition for habeas corpus relief.  Prieto v. Quarterman, 456 F.3d 511, 514 (5th Cir. 2006) (citing 28 U.S.C. § 2241(d)).  AEDPA provides that the one-year statute of limitations shall typically run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. § 2244(d)(1)(A).[1] However, a properly filed state application for post-conviction relief tolls the AEDPA period of limitations for the entire time the state application is pending.  Id. at § 2244(d)(2).  A state application for post-conviction relief is pending "until the application has achieved final resolution through the State's post-conviction procedures."  Carey v. Saffold, 536 U.S. 214, 220 (2002).  Under "rare and exceptional circumstances," equitable tolling may also apply pursuant to the AEDPA.  In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam) (citing Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)).  Equitable tolling

---

[1] Although there are other dates from which the AEDPA statute of limitations might run, none of them are applicable in the present case.  See 28 U.S.C. § 2244(d)(1)(B)-(D).

may only apply "'where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"  Id. (citing Fierro, 294 F.3d at 682).  Equitable tolling only applies where the petitioner's failure to comply with the AEDPA's statute of limitations results from "an extraordinary factor beyond the plaintiff's control" that prevents filing on time.  Felder v. Johnson, 204 F.3d 168, 174 (5th Cir. 2000). Ignorance of the law is insufficient to warrant equitable tolling, even for a pro se petitioner.  See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

In this case, Petitioner's conviction became "final" and the statute of limitations began to run on November 28, 2005, the last date on which Petitioner could have properly sought to appeal his conviction by filing a petition for discretionary review with the Texas Court of Criminal Appeals.  Therefore, Petitioner had one year (until November 28, 2006) to file a federal habeas petition or to toll the limitations period by filing a state application for post-conviction relief.  In this case, there is no dispute that Petitioner filed a state application for post-conviction relief, the only question is *when* that application was filed.

The Magistrate Judge determined that Petitioner did not file a state application for post-conviction relief until November 14, 2006, with only 14 days remaining under the AEDPA statute of limitations.  Because Petitioner's state application was dismissed

-3-

on January 17, 2007, the Magistrate therefore concluded that Petitioner had only the 14 days remaining under AEDPA to file his federal habeas petition with this Court. Petitioner failed to file his federal habeas claim within 14 days and, accordingly, the Magistrate determined that his petition was time-barred. This conclusion, however, was in error.

In particular, the Magistrate erred in determining that Petitioner's state application for post-conviction relief was not filed until November 14, 2006. It is well-settled in this Circuit and others that a habeas corpus petition is deemed filed, *not* when it is received and marked "filed" by the clerk of court, *but rather* "should be deemed filed when the petition is handed over to prison authorities for mailing." Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998); Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999) ("Under the mailbox rule, a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court"); see also Houston v. Lack, 487 U.S. 266, 270 (1988); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). In this case, there is evidence in the state court records that Petitioner signed and dated his state application for post-conviction relief on November 6, 2007. (See App. for Writ of Hab. Corp. to Court of Crim. App. of Texas at p. 10.) Likewise, in his Objections to the Magistrate's Memorandum and Recommendation, Petitioner attached evidence that he "handed

-4-

prison officials at the Law Library" his habeas corpus to be mailed out and filed on "11-7-06."[2] (See D.E. 11, Ex. A.) Accepting this evidence as true (which the Court must on summary judgment) the Petitioner tolled the AEDPA statute of limitations as early as November 6 or 7, 2006, leaving 21 or 22 days remaining on his limitations period. When the Petitioner's state application was dismissed on January 17, 2007, he therefore had until at least February 7, 2007, to place his federal habeas petition in the mail, which he did on February 6, 2007. (D.E. 1 at p. 9.) Therefore, Petitioner has at least raised a fact issue as to the timeliness of his federal habeas petition and summary judgment is inappropriate on that ground.

Therefore, the Court DECLINES TO ADOPT the Magistrate's Memorandum and Recommendation on the issue of timeliness, but ADOPTS the Magistrate's Memorandum and Recommendation that Petitioner's habeas petition be dismissed on the merits. Accordingly, it is hereby ORDERED that Respondent's Motion for Summary Judgment (D.E. 8) is GRANTED, and Petitioner's Petition for Habeas Corpus (D.E. 1) is DISMISSED WITH PREJUDICE. Petitioner is

---

[2] The Court may properly consider this evidence, even though it is not sworn or attached to an affidavit, because it is attached to Petitioner's Objections, which contains a declaration that the information is "true and correct" and made "under the penalty of perjury." Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988) (citing 28 U.S.C. § 1746) (stating that 28 U.S.C. § 1746 "permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made 'under penalty of perjury' and verified as 'true and correct'").

DENIED a certificate of appealability.

The clerk shall enter this order and provide a copy to all parties.

SIGNED this the 9th day of Jul7, 2007.

_____
Janis Graham Jack
United States District Judge